## Appeal of COMMERCIAL COMPANY OF EGYPT, INC.

Docket No. 5810.    Submitted January 12, 1926.    Decided April 3, 1926.

The taxpayer corporation was organized June 8, 1920, and elected to close its books upon the basis of a fiscal year ending April 30, 1921. During such period it had sustained a net loss. *Held*, under the provisions of section 204 of the Revenue Act of 1921, that the corporation is entitled, in its return for the fiscal year ending April 30, 1922, to deduct so much of the net loss as the number of days within 1921 bears to the number of days from the date of incorporation to the end of the fiscal year.

*Arthur V. Grimes, C. P. A.*, for the taxpayer.
*Robert A. Littleton, Esq.*, for the Commissioner.

Before Phillips, Graupner, and Trammell.

Taxpayer appeals from the determination of a deficiency of $290.94 in income and profits tax for the fiscal year ended April 30, 1922, and alleges that the Commissioner committed error in refusing to permit taxpayer to deduct, from its income for that year, a net loss claimed to have been sustained in the prior taxable year.

## FINDINGS OF FACT.

The taxpayer is a Massachusetts corporation with its principal office at Boston. A certificate of incorporation was duly issued to the taxpayer by the Secretary of the Commonwealth of Massachusetts on June 8, 1920. Taxpayer elected to keep its books and file its tax returns upon the basis of a fiscal year ending April 30. From June 8, 1920, to May 1, 1921, taxpayer sustained a net loss of $6,891.63, representing the result of its operations during that period. The Commissioner refused to allow taxpayer to deduct any part of such loss from its income for the fiscal year ending April 30, 1922.

## OPINION.

PHILLIPS: Section 204 of the Revenue Act of 1921, after providing that a net loss for one year may be allowed as a deduction in the following year, provides in paragraph (d) as follows:

(d) If it appears * * * that a taxpayer having a fiscal year beginning in 1920 and ending in 1921 has sustained a net loss during such fiscal year, such taxpayer shall be entitled to the benefits of this section in respect to the same proportion of such net loss which the portion of such fiscal year falling within the calendar year 1921 is of the entire fiscal year.

The statute defines a fiscal year as an accounting period of 12 months ending on the last day of any month other than December. In the *Appeal of Carroll Chain Co.*, 1 B. T. A. 38, this Board held that a corporation operating its business for a part of its first fiscal year after organization, and sustaining a net loss therefrom, was entitled to deduct such net loss from its income for the succeeding year. This decision was followed in the *Appeal of Patapsco Ballast Co.*, 1 B. T. A. 1081, holding that a corporation organized in 1918 and dissolved in 1919 came within the net loss provisions of the statute. The decision of the Board in the *Appeal of Carroll Chain Co.* was sustained by the United States District Court for the Southern District of Ohio, Eastern Division, in a decision rendered orally July 16, 1925, *United States* v. *Carroll Chain Co.*, 8 Fed. (2d) 529. In the course of its opinion, the court holds that the first taxable year is so much of that fiscal year as falls within the first year of the existence of the corporation. In this case the taxpayer was organized on June 8, 1920, and its first fiscal year ended April 30, 1921. For the purpose of the statute this period constituted its entire fiscal year. Since the corporation was in existence during 327 days of the fiscal year, of which 120 fell within the calendar year 1921, it is entitled, in its return for the fiscal year ending April 30, 1922, to deduct 120/327ths of the net loss of $6,891.63 sustained in the fiscal year ending April 30, 1921.

*Order of redetermination will be entered on 15 days' notice, under Rule 50.*